IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY MAURICE SMALLS,

Plaintiff,

v.                                              CASE NO. 11-3150-SAC

SHELTON RICHARDSON, et al.,

Defendants.

MEMORANDUM AND ORDER

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, a prisoner convicted by Maryland state authorities, proceeds pro se and submitted the full filing fee. He alleges he was denied access to the courts due to a return transfer to Maryland during the pendency of an earlier lawsuit filed in this district, *Smalls v. Stermer*, 2011 WL 1234781 (D. Kan., Mar. 31, 2011), *aff'd*, 457 Fed.Appx. 715, 2012 WL 56759 (10th Cir. Jan. 31, 2012)("*Smalls v. Stermer*").

The defendants, Shelton Richardson, Warden of the Leavenworth Detention Center operated by the Corrections Corporation of America, and J. Michael Stouffer, Commissioner of the Maryland Division of Corrections, have filed responsive pleadings. Defendant Richardson moves for the dismissal of this action for failure to state a claim for relief and for lack of jurisdiction (Doc. 21). Defendant Stouffer moves for dismissal, or, in the alternative, for summary judgment (Doc. 40).

Also before the court are plaintiff's motions to amend or supplement the complaint (Docs. 17, 18, 29, 31, and 38), motion for

preliminary injunction (Doc. 23), motions for hearing, for a ruling, and for entry of evidence (Docs. 30, 32, and 45), motion to appoint counsel (Doc. 37), combined motion in opposition to defendant Richardson's motion to dismiss and motion for reconsideration (Doc. 47) and a supplement to that motion (Doc. 48), a second motion to deny any and all motions to dismiss by defendant Richardson (Doc. 49), motion to amend the motion for leave to amend (Doc. 50), a combined motion to amend, motion for leave to amend complaint and motion for reconsideration (Doc. 51), a pleading captioned as "permission to file an supplemental complaint pursuant Fed. R. Civ. P. 15(d)" (Doc. 53), and a motion for entry of evidence (Doc. 54).

**Background**

Plaintiff, a Maryland state prisoner, was confined in the Leavenworth, Kansas, detention facility operated by the Corrections Corporation of America (CCA), from June 2, 2009, until on or about May 12, 2010, when he was returned to the custody of Maryland authorities.

While incarcerated in the CCA facility, plaintiff filed *Smalls v. Stermer*, a civil action against employees of the U.S. Department of Justice, the CCA, and the Maryland Division of Corrections.

In that action, plaintiff alleged a denial of due process and equal protection arising from a denial of equal access to the courts and from his placement in administrative detention at the CCA facility. That action was dismissed on March 31, 2011, and the decision was affirmed by the U.S. Court of Appeals for the Tenth Circuit on January 10, 2012.

**Motion to Dismiss of Defendant Richardson**

Defendant Richardson, the Warden of the CCA facility, seeks dismissal from this action on the grounds that this court lacks jurisdiction over him either under 42 U.S.C. § 1983 or under *Bivens*, that plaintiff has failed to state a claim, and that plaintiff failed to exhaust available administrative remedies before he commenced this action.

Defendant Richardson is employed by a private corporation. Generally, to state a claim under § 1983, a plaintiff must allege that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id*. at 49 (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). Thus, defendant Richardson is not a proper defendant under § 1983.

Likewise, to the extent defendant Richardson is sued under a *Bivens* theory, the court concludes he is not a proper defendant. A *Bivens* action is analogous to a § 1983 action, with the only difference being that a *Bivens* action applies to constitutional violations by federal officials. In *Bivens*, the U.S. Supreme Court allowed a plaintiff to bring an action for monetary damages against federal officials for violations of the Fourth Amendment. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388

(1971). The Supreme Court, however, has refused to extend *Bivens* to actions under the Eighth Amendment against private contractors operating prisons. *Minneci v. Pollard*, ___ U.S.___,___ 132 S.Ct. 617 (2012). In *Minneci*, the Court declined to extend the *Bivens* remedy because private citizens and corporations are subject to liability under state tort law:

> [W]here a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is a kind that typically falls within the scope of traditional state tort law ... the prisoner must seek a remedy under state tort law. We cannot imply a *Bivens* remedy in such a case. 132 S.Ct. at 619.

Ultimately, however, even assuming that a *Bivens* remedy is available for a First Amendment violation, *see Ashcroft v. Iqbal*, 556 U.S. 662 (2009)(assuming, but not deciding, a free exercise claim brought under the First Amendment was actionable under *Bivens*), this court would find no basis to allow a *Bivens* or § 1983 action to proceed against defendant Richardson because the plaintiff's substantive factual assertions in this matter fail to state a claim upon which relief may be granted.

**Motion to Dismiss or for Summary Judgment of Defendant Stouffer**

Defendant Stouffer, Commissioner of the Maryland Division of Corrections, seeks dismissal or summary judgment on the grounds that he is not subject to personal jurisdiction in Kansas, that the complaint fails to state a claim for relief, that there is no genuine issue of material fact, and that he is entitled to qualified

immunity.

In affirming the decision of the Honorable Thomas Marten of this court in *Smalls v. Stermer*, the U.S. Court of Appeals for the Tenth Circuit stated:

> In determining whether a federal court has personal jurisdiction over a defendant, the court must determine (1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006)(internal quotation marks omitted). Smalls sued Stouffers under 42 U.S.C. §1983, which "does not, by itself, confer nationwide service of process or jurisdiction upon federal district courts to adjudicate claims," *Trujillo*, 465 F.3d at 1217. Therefore, we look to Fed.R.Civ.P. 4(k)(1)(A), which in turn refers us to the Kansas long-arm statute. *See Trujillo*, 465 F.3d at 1217. Because the Kansas long-arm statute, Kan. Stat. § 60-308, "allow[s] jurisdiction to the full extent permitted by due process," *TH AGRIC. & Nutrition, LLC v. Ace European Grp. Ltd.*, 488 F.3d 1282, 1287 (10th Cir. 2007)(internal quotation marks omitted), the question presented here is whether exercising personal jurisdiction over Stouffers comports with due process. *See Trujillo*, 465 F.3d at 1217.
>
> "The exercise of jurisdiction over a non-resident defendant comports with due process so long as there exist minimum contacts between the defendant and the forum State." Id. (internal quotation marks omitted) "The minimum contacts necessary for specific personal jurisdiction may be established where the defendant has purposefully directed [his] activities toward the forum jurisdiction and where the underlying action is based upon activities that arise out of or relate to the defendant's contacts with the forum." [footnote omitted]. Id. at 1218 (internal quotation marks omitted).
>
> Liberally construing his pleadings, Smalls alleged that Stouffers transferred him to federal custody, knowing the following: federal officials were placing Maryland inmates in the LDC; .... But the documents that Smalls attached to his complaint establish that it was federal officials, not Stouffers, who decided in what federal facility to place Smalls. In light of that, Stouffers did not purposefully direct his activities toward Kansas and thus would not have expected to be haled into court there. [citation

omitted] .... *Smalls v. Stermer*, 457 F.3d Appx. 715, 717–18.

The court takes notice of these determinations, and having considered the entire record in this matter, finds no evidence that defendant Stouffer participated in any decision concerning the plaintiff that would arguably allow jurisdiction over him in the District of Kansas. Accordingly, defendant Stouffer's motion to dismiss will be granted.

**Right of access to the courts**

Finally, the court has examined the plaintiff's allegation that he was denied access to the courts by his return transfer to Maryland.

A prisoner has a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 828 (1977). This right entitles a prisoner to meaningful, but not unlimited, access to the courts. *Id*. at 823. The right of access is not "an abstract, freestanding right to a law library or legal assistance," *Lewis v. Casey*, 518 U.S. 343, 351 (1996).

In order to state a claim for denial of access to the courts, a prisoner must demonstrate actual injury from the alleged interference by presenting facts that show how he was impeded in his effort to pursue a particular nonfrivolous legal claim. *See, e.g., Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010)(applying actual-injury requirement recognized in *Lewis v. Casey*, 518 U.S. 343, 351-55 (1996)). The actual injury requirement "is not satisfied by just any type of frustrated legal claim." *Elrod v. Swanson*, 478 F.Supp.2d

1252, 1275 (D. Kan. 2007)(citing *Lewis*, 518 U.S. at 354).

First, to the extent plaintiff's pleadings continue to allege that he was denied access to the courts that resulted in the denial of his efforts to obtain the reopening of state postconviction remedies in Maryland, his claims must be rejected. That matter was conclusively resolved against him in *Stermer v. Smalls*.

Next, to the extent plaintiff seeks relief in the present action alleging a denial of access to Tenth Circuit legal materials resulted in the adverse decision in *Stermer v. Smalls*, he makes only conclusory assertions that fall short of a showing of the requisite actual injury. *See Wardell v. Duncan*, 470 F.3d 954, 959 (10th Cir. 2006)(conclusory allegations of injury failed to substantiate the injury requirement announced in *Lewis v. Casey*). He makes no specific assertion of any efforts he made to obtain relevant legal material.

Finally, while plaintiff did not commence this action until more than one year after his return to Maryland and therefore likely did not have the benefit of access to legal materials from the Tenth Circuit, it must be noted that he also presented a claim of denial of access to the courts in *Smalls v. Stermer*. Thus, plaintiff had the benefit of the briefing in that matter prepared by attorneys licensed in Kansas that thoroughly addressed the legal framework in the Tenth Circuit for claims concerning the denial of access to the courts. Thus, plaintiff had access to at least some information concerning the legal materials which he might have presented to officials in order to better understand and present a claim of

denial of access to the courts.

### Conclusion

The court has examined the pleadings presented by the parties, including the proposed amended pleadings and attachments submitted by the plaintiff, and concludes no claim for relief is stated. Defendant Stouffer is not subject to personal jurisdiction in this court, and the claims against him must be dismissed without prejudice. Likewise, defendant Richardson, as an employee of a private corporate entity, is not subject to jurisdiction under 42 U.S.C. § 1983, nor has plaintiff shown any factual basis for liability. Finally, plaintiff's claim that he was denied access to the courts due to his return transfer to Maryland fails on its merits.

IT IS, THEREFORE, BY THE COURT ORDERED the motion of defendant Richardson to dismiss for failure to state a claim or for lack of jurisdiction (Doc. 21) is granted.

IT IS FURTHER ORDERED the motion of defendant J. Michael Stouffer to dismiss, or, alternatively, for summary judgment (Doc. 40) is granted.

IT IS FURTHER ORDERED the remaining motions, namely, plaintiff's motion to amend (Doc. 17), motion to submit a supplemental complaint (Doc. 18), motion for preliminary injunction (Doc. 23), motion for leave to amend complaint (Doc. 29), motion for ruling and for a hearing (Doc. 30), motion to amend complaint (Doc. 31), motion for hearing (Doc. 32), motion to appoint counsel (Doc. 37), motion to amend complaint (Doc. 38), motion for entry of

evidence (Doc. 45), motion to deny any and all motions to dismiss (Doc. 47), motion for order and for reconsideration (Doc. 49), motion to amend or correct motion for leave to amend complaint (Doc. 50), motion to amend, for leave to amend, and for reconsideration (Doc. 51), motion for order (Doc. 53), and motion and declaration for entry of evidence (Doc. 54) are denied as moot.

Copies of this Memorandum and Order shall be transmitted to the parties.

**IT IS SO ORDERED.**

DATED:  This 25th day of September, 2012, at Topeka, Kansas.




                                    S/ Sam A. Crow
                                    SAM A. CROW
                                    U.S. Senior District Judge