IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


ANTHONY MAURICE SMALLS,

                Plaintiff,

       v.                                  CASE NO. 11-3150-SAC

SHELTON RICHARDSON and
J. MICHAEL STOUFFER,

                Defendants.


**MEMORANDUM AND ORDER**


This matter comes before the court on plaintiff's motion for reconsideration (Doc. 57), a supplement to that motion captioned as a motion to submit additional relevant litigation (Doc. 58), and a motion to properly ask for motion for reconsideration and to reopen the case (Doc. 59).

**Background**

Plaintiff, a prisoner in the custody of Maryland officials, was incarcerated in the Leavenworth Detention Center (LDC) operated by the Corrections Corporation of America (CCA) from approximately June 2, 2009, through May 12, 2010, when he was returned to Maryland.

During plaintiff's incarceration in the LDC, he filed a civil rights action against federal and Maryland state officials and employees of CCA. He claimed the conditions of his confinement denied him due process, equal protection, and access to the courts. The district court dismissed his claims against all defendants. *Smalls v. Stermer*, case No. 10-3025-JTM, 2011 WL 1234781 (D. Kan. 2011). On appeal, the U.S. Court of Appeals for the Tenth Circuit upheld the

dismissal without prejudice of claims asserted against defendant Michael Stouffer, Commissioner of the Maryland Department of Public Safety and Correctional Services for lack of personal jurisdiction, and the dismissal of claims asserted against defendant Sheldon Richardson, Warden of the LDC, for failure to state a claim upon which relief may be granted. *Smalls v. Stermer*, 457 Fed.Appx. 715, 2012 WL 56759 (10th Cir. 2012).

Following his return transfer to Maryland, and during the pendency of the appeal in *Smalls v. Stermer*, plaintiff filed the instant case. He again named defendants Richardson and Stouffer as defendants and claimed that his return transfer during the pendency of a civil action in this district resulted in a denial of access to the courts. By its Memorandum and Order dated September 25, 2012 (Doc. 55), the court denied relief.

*The motions for reconsideration*

The Federal Rules of Civil Procedure do not specifically identify a motion for reconsideration. *Hatfield v. Board of County Com'rs for Converse County*, 52 F.3d 858 (10th Cir. 1995)(citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)), *cert. denied*, 506 U.S. 828 (1992). Rather, a party seeking relief from an adverse judgment may pursue "either a motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e) or a motion seeking relief from the judgment pursuant to Fed.R.Civ.P. 60(b)." *Van Skiver, id*.

A motion to alter or amend filed pursuant to Rule 59(e) "must do two things: First, it must demonstrate some reason why the court should reconsider its prior decision. Second, it must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Shields v. Shetler*, 120 F.R.D. 123, 125 (D. Colo.

1988)(internal quotations and citation omitted). Such a motion "should be granted only to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997)(internal citation omitted).

A motion to alter or amend the judgment pursuant to Rule 59(e) must be filed within twenty-eight days from the entry of judgment. Fed.R.Civ.P. 59(e).

In contrast, a motion for relief from judgment filed pursuant to Rule 60(b) must be filed within a reasonable time and, for certain grounds, within six months.

Rule 60 provides: "On motion and upon such terms as are just, the court may relive a party … from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud…misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharge, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. Fed.R.Civ.P. 60(b).

Relief under Rule 60(b) "is extraordinary and may only be granted in exceptional circumstances." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Plaintiff's first motion for reconsideration (Doc. 57) was filed within fourteen days of the entry of judgment, and the second (Doc. 59) was filed approximately twenty-four days following the entry of

judgment. Accordingly, the court construes both motions as filed pursuant to Rule 59(e).

The court has carefully reviewed these motions and finds plaintiff has not presented any compelling argument or factual assertion that warrants relief. While plaintiff continues to assert that this court should exercise personal jurisdiction over defendant Stouffer, he does not present any persuasive factual basis for such jurisdiction. Likewise, while he claims he suffered actual injury due to lack of access to the courts, he presents only vague assertions. A motion to reconsider is not an opportunity for a party to rehash arguments or bolster arguments that failed previously. *Voelkel v. Gen. Motors Corp.*, 846 F.Supp. 1482, 1483 (D. Kan. 1994). Plaintiff has presented neither a convincing legal argument nor any newly-discovered evidence that might warrant relief, and the court therefore will deny the motions.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for reconsideration (Doc. 57) and motion to properly ask for motion for reconsideration (Doc. 59) are denied.

Copies of this order shall be transmitted to the parties.

**IT IS SO ORDERED.**

DATED: This 29th day of May, 2013, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge